# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____
Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____ DOCKET NUMBER _____

DATE _____      SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:_____

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.  Diversity Jurisdiction Cases:*

☒ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____
     _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Kathleen Brannigan** | : |
| **695 Garden Street** | : |
| **Bristol, PA 19007** | : |
| | : |
| **v.** | : |
| | : |
| **Progressive Specialty Insurance Company** | : |
| **300 North Commons Boulevard** | : |
| **Mayfield Village, OH 44143** | : |

**Parties**

1. Plaintiff, Kathleen Brannigan (hereinafter "Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 695 Garden Street, Bristol, PA 19007.

2. Defendant, Progressive Specialty Insurance Company (hereinafter "Defendant"), 300 North Commons Boulevard, Mayfield Village, OH 44143 is an Ohio corporation authorized to conduct business and to issue polices of insurance in the Commonwealth of Pennsylvania.

3. Defendant is a corporation, incorporated in the state of Ohio.

4. At all times material hereto, Defendant was a corporation or similar entity, with a corporate office at 300 North Commons Boulevard, Mayfield Village, OH 44143.

**Jurisdiction**

5. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

6. Original jurisdiction is conferred pursuant to 28 U.S.C. Sec. 1332(a), as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest, and the action is between citizens of different states, thus there is complete diversity between the parties.

7. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(b)(2), as this is the judicial district where the incident underlying this action occurred and the contract between Plaintiff and Defendant was entered into in this jurisdiction.

**Factual Allegations**

8. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

9. On or about April 26, 2025, Plaintiff was a business invitee and/or was otherwise lawfully on the premises known as Phinny Magee's Pub, Inc. (hereinafter "Premises") located at 1400 Farragut Avenue, Bristol, Pennsylvania 19007.

10. The third-party tortfeasor, Laurie Ann Gardner (hereinafter "Gardner") made unwelcomed physical contact with Plaintiff causing Plaintiff serious bodily injuries. Gardner pinned Plaintiff multiple times between Defendant's vehicle and a bench outside of Premises with enough forced to bend the structure.

11. Thereafter, Gardner fled the scene.

12. To the best of Plaintiff's knowledge, information and belief, the police made ongoing attempts to locate Gardner to arrest her, but Gardner continued to evade the police for several months.

4933-3638-1321, v. 1

13. On January 9, 2026, Gardner was taken into custody by the US Marshals Service Eastern Pennsylvania Violent Fugitive Task Force.

14. During the course of Gardner's evading the police, the undersigned wrote to Gardner on several occasions requesting her insurance information. No response was ever received.

15. At the time of the accident, Plaintiff was insured with Defendant.

16. At the time that Plaintiff purchased the policy, she selected to purchase bodily injury limits in an amount greater than the minimum coverage required by the Commonwealth of Pennsylvania in order to protect if she or any of her family members suffered bodily injury as a result of someone's else's negligence.

17. As a result of Plaintiff's election of bodily injury liability limits in an amount greater than the minimum coverage required by law, she paid, and Defendant accepted increased premium payments.

18. At the time that Plaintiff purchased the policy, she elected to purchase uninsured motorist benefits.

19. As a result of Plaintiff's election of uninsured motorist benefits, she paid, and Defendant accepted increased premium payments.

20. Plaintiff, through her counsel, provided Defendant, with a formal demand package including all relevant medical records and reports concerning Plaintiff's condition, treatment and prognosis.

21. Plaintiff has made a demand for uninsured motorist coverage due under the policy based upon Plaintiff's injuries, including the injuries as reflected in the various medical records and reports.

22. Plaintiff has continuously demanded payment of the uninsured motorist coverage.

23. The medical records and reports provided to Defendant establish Plaintiff sustained fractured right hip, nerve damage to right leg, five staples to the head, cervical sprain and strain, lumbar sprain and strain, bilateral sacroiliitis, concussion, post-concussive headache, post-traumatic musculofascial pain, post-concussive syndrome and bruising throughout her body.

24. The medical records and reports clearly establish that Plaintiff suffered and continues to suffer from severe pain and discomfort and will require continued treatment to manage her chronic pain for the foreseeable future.

## Count I
### Kathleen Brannigan v. Progressive Specialty Insurance Company
### Breach of Contract

25. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

26. Plaintiff has fully complied with all the terms, conditions and duties required under the policy.

27. Defendant has failed to evaluate Plaintiff's claim objectively and fairly.

28. Defendant has failed to promptly offer payment of the reasonable and fair value of the claim to Plaintiff.

29. Defendant has failed to reasonably investigate Plaintiff's claim inasmuch as a thorough and proper inquiry would have revealed that Plaintiff sustained serious and permanent injuries.

30. Plaintiff is owed by Defendant, a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate and underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

31. For reasons set forth above, Defendant has violated their obligations under the policy of insurance.

**WHEREFORE**, Kathleen Brannigan seeks judgment in her favor and against Defendant for an amount in excess of the arbitrational limits.

### Count II
### Kathleen Brannigan v. Progressive Specialty Insurance Company
### Bad Faith

32. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

33. The actions of Defendant in handling of Plaintiff's uninsured motorist claim constitutes bad faith as defined under 42 Pa. C.S.A. §8371 as follows:

    (a) Failing to evaluate Plaintiff's claims objectively and fairly based on new information;

    (b) Failing to re-evaluate Plaintiff's claims objectively and fairly based on new information;

    (c) Engaging in dilatory and abusive claims handling;

    (d) Failing to adopt or implement reasonable standards in evaluating Plaintiff's claims;

    (e) Acting unreasonably and unfairly in response to Plaintiff's claims;

    (f) No attempting in good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's claims in which the Defendant liability under the policy had become reasonably clear;

- (g) Subordinating the interests of its insured and those entitled under its insured's coverage to its own financial monetary interests;

- (h) Failing to promptly offer reasonable payment to the Plaintiff;

- (i) Failing to reasonably and adequately investigate Plaintiff's claims;

- (j) Failing to reasonably and adequately investigate Plaintiff's claims;

- (k) Failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

- (l) Violating the fiduciary duty owed to the Plaintiff;

- (m) Acting unreasonably and unfairly by withholding uninsured motorist benefits justly due and owing to the Plaintiff;

- (n) Failing to make an honest, intelligent and objective settlement offer;

- (o) Causing Plaintiff to expend money on the presentation of her claim; and

- (p) Causing Plaintiff to bear the stress and anxiety associated with litigation.

34. An insurer such as Defendant has a fiduciary, contractual and statutory obligation to those such as Plaintiff.

35. At all relevant times hereto, Plaintiff fully complied with the terms and conditions of the policy and all conditions precedent and subsequent to her right to recover under the policy.

36. For the reasons set forth above, Defendant, has violated the policy of insurance, its obligations as an insurer, has failed to act toward the Plaintiff in good faith and has violated 42 Pa.C.S.A. § 8371 for which Defendant is liable for compensatory and punitive damages, together with interest, attorney fees and such other relief as the court deems appropriate.

37. Defendant has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of Plaintiff and is liable for their bad faith conduct.

**WHEREFORE**, Kathleen Brannigan demands judgment against Defendant, and in her favor in an amount in excess of the arbitrational limits for compensatory damages, punitive damages, interest, costs of suit, attorney fees and any other damages allowed by 42 Pa. C.S.A. §8371.

                                  **RESPECTFULLY SUBMITTED:**

                                  **STARK & STARK**
                                  **A Professional Corporation**

                            **By:**    *s/R. Tyler Tomlinson*
                                        **R. TYLER TOMLINSON**
                                        **NICOLE DURSO**
**January 20, 2026**                    **Attorneys for Plaintiff**